The opinion of the court was delivered by
Htjston, J.
This is an appeal from a decree of the Orphans’ Court of Westmoreland county.
The administrators had filed an account, which was confirmed in August, 1821, by which a balance appeared due to the administrators of one hundred and ninety-four dollars and thirty-six cents. On the 20th of August, 1824, they presented for settlement a supplementary account of their administration, in which the balance appearing on their former settlement was introduced as an item in their favour. To this last account the guardians filed objections, and also objections to several items of the former account. The court refused to examine the items of the first ac *397 count, and confirmed the second as presented. At the settlement of the account, in 1821, the children of George Lose, deceased, were of tender age, and had no guardians. The present account showed that the former was not a final account.
The act of the Sth of February, 1819, (Purd. Dig. 618, 7 Penn. Laws, by Reed, 151,) is in these words: “When the accounts of guardians, executors, or administrators, shall be finally settled, according to law, and the same confirmed by the court, no appeal shall lie therefrom, unless the same shall be entered within one year after confirmation.”
A partial account is not so easily understood. Objections to it are put aside, by a suggestion that all will be explained hereafter. It is not so easily scrutinized as one in which the whole transactions of the accomptant appear. And the words, finally settled, cannot be fairly applied to any other than a final account.
I do not see how any account can be settled according to law, where minors are interested, and those minors have no guardians appointed to attend to their interests. Where a petition is presented to the Orphans’ Court for a partition or valuation of an intestate’s estate, and infants have-an interest, guardians are always appointed, or the inquisition will not be received by the court. The final settlement of those who administer the personal estate, is of too much importance to be passed over without notice to those in-, terested, and examination by them. There can be neither notice to, nor examination by a minor. Guardians must be appointed to receive notice on the part of infants, or the account will not be settled according to law. •
The first and principal objection to this account, was to an item of three hundred dollars cash lent, by George Lose, the administrator, to his son, the deceased, in his lifetime; of which, it was alleged, there was not sufficient evidence. This court is of opinion the proof here offered is sufficient; the oath of the father-in-law, George Lose, jr., is clear and positive: this objection is therefore overruled.
The second objection is not supported by proof; nay, it is disproved: it is proved the guardians received the rent of 1824, which is attempted to be charged to the administrators.
The third and fourth exceptions were scarcely mentioned in this court, and no evidence offered relative to them. But there is positive proof that one of the administrators admitted that one hundred dollars had been received from Mr. M‘Kever, which is not charged to them in their account. This was not a loose conversation, but a serious solemn declaration repeated. ■ There must then be a charge against them for this sum. ,
It is also admitted, that a mistake has been made in the amount of the sum charged against the estate. This must be corrected. These two items will reduce the amount due the accomptants to one hundred and forty-six dollars and eighty-four cents.